[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2006
THOMAS K. KAHN
CLERK

No. 05-15712
Non-Argument Calendar

_____

D. C. Docket No. 03-00133-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 19, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Frank Morgan appeals his sentence of 151 months' incarceration following his guilty plea for possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). Morgan was originally sentenced under a mandatory Guidelines scheme, and we remanded to the district court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Morgan, No. 04-14320 (11th Cir. June 28, 2005). In this appeal, Morgan argues that (1) the application of a career offender enhancement, pursuant to U.S.S.G. § 4B1.1, resulted in an unreasonable sentence under 18 U.S.C. § 3553(a); and (2) the retroactive application of Booker impermissibly increased the statutory maximum sentence beyond that authorized by the facts alleged and admitted to, in violation of the Ex Post Facto Clause. We affirm.

## I.

Morgan first argues that the application of the career offender enhancement pursuant to U.S.S.. § 4B1.1 resulted in a sentencing range that was greater than necessary, and therefore unreasonable under the sentencing factors enumerated in 18 U.S.C. § 3553(a). We disagree.

Post-Booker, this Court has established a two-part process for district courts to use in calculating sentences. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "First, the district court must consult the Guidelines and correctly

2

calculate the range provided by the Guidelines." Id. Second, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a), including the history and character of the defendant, "the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

Once the district court has calculated the sentence under the advisory Guidelines and has considered the sentencing factors in § 3553(a), it can impose a sentence either more severe or more lenient than that suggested by the advisory Guideline range, so long as the sentence is reasonable. Talley, 431 F.3d at 788; United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). The party challenging the sentence has the burden of "establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

In this case, Morgan conceded at resentencing that the district court correctly calculated the advisory Guideline range. The district court considered the § 3553(a) sentencing factors in determining Morgan's sentence, which was at the low end of the advisory guideline range. We have held that "there is a range of

3

reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. Here, Morgan's argument that his sentence was unreasonable fails. His sentence was towards the bottom of the Guidelines range, and he fails to satisfy his buredn of proving that his sentence is unreasonable under § 3353(a).

II.

To establish an ex post facto violation, a defendant must show that his punishment was made more burdensome by a law passed after the commission of his crime.[1] United States v. Abraham, 386 F.3d 1033, 1037 (11th Cir. 2004), cert. denied, 126 S.Ct. 417 (2005). To prevail on an ex post facto claim, a party must demonstrate that (1) the law was retrospective, in that it applied to events occurring before its enactment, and (2) he was disadvantaged by it. Id.

We have held that there is no ex post facto violation based on the retroactive application of Booker's remedial opinion making the Guidelines advisory. United States v. Duncan, 400 F.3d 1297, 1306-08 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005) (decided under plain error review). In Duncan, we determined that because Booker made the Guidelines advisory, not mandatory, "the various top ranges of

---

[1] We review properly preserved constitutional claims de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

4

the Guidelines are no longer binding, and therefore, no longer constitute 'little relevant maximums.' This leaves as the only maximum sentence the one set out in the United States Code." Id. at 1303. Furthermore, a district court does not err by relying on prior convictions to enhance a defendant's sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

Here, Morgan had ample warning, based on the maximum statutory sentences and the relevant statutory provisions contained in his indictment that a sentence of up to 40 years was a possible consequence of his actions. See 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He also knew that his prior convictions would be used in calculating his applicable Guidelines range. Therefore, no ex post facto violations are implicated in this case. See Duncan, 400 F.3d at 1307. Accordingly, the district court committed no error.

**AFFIRMED.**